UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
COLE FOWLKES,                                               :    Civil Action No.:
                                                            :    08- CV 1914 (LAK)
               Plaintiff,                              :
                                                            :
  - against -                                              :
                                                            :    **ANSWER**
STRUCTURAL IRON WORKERS                                     :
UNION 40, DANNY DOYLE BA,                                   :
KEVEN OROURKE-BA, EDMOND                                    :
DAVID EMPLOYEE, OTHER MEN                                   :
WILL BE NOTED AT TIME OF COURT                              :
                                                            :
               Defendants,                             :
-----------------------------------------------------------------X

      Defendants, IRON WORKERS LOCAL UNION NO 40 ("UNION") incorrectly sued herein as STRUCTURAL IRON WORKERS-UNION 40 and DANIEL DOYLE incorrectly sued herein as DANNY DOYLE BA ("DOYLE"), and KEVIN O'ROURKE incorrectly sued herein as KEVEN OROURKE BA ("O'ROURKE"), by their attorneys, COLLERAN, O'HARA & MILLS L.L.P., hereby Answer the allegations contained in the Amended Complaint of Plaintiff, COLE FOWLKES ("FOWLKES") as follows:

## PRELIMINARY STATEMENT

    1.    Defendants admit that FOWLKES seeks to bring a cause of action pursuant to Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C. §§ 2000e et seq., ("act") but denies that the Plaintiff is entitled to relief under Title VII.

## PARTIES

    2.    Defendant, UNION is a labor organization within the meaning of the L.M.R.A. Section 3(i), 29 U.S.C. §401(i), representing individuals who perform structural iron work within

1

the geographical boundaries of Westchester, Bronx, New York and Richmond Counties of the State of New York.

3. Defendants admit that the UNION has a principal place of business located at 451 Park Avenue South, New York, New York 10016.

4. Defendants admit that DOYLE and O'ROURKE are business agents of the UNION.

5. Defendants admit that Plaintiff is a member of the UNION.

### STATEMENT OF CLAIM

6. Admits that the UNION maintains a telephone call-in system to administer its non-exclusive hiring hall, and that the system is based out of the UNION office located at 451 Park Avenue South, New York, New York 10016; admits that Plaintiff has on occasion sought employment through the hiring hall.

7. Admits that the UNION is an employer with less than fifteen (15) employees.

8. Denies that Plaintiff was ever employed by the UNION.

9. Denies that Defendants engaged in discriminatory conduct by failing to hire the Plaintiff for the periods between January through April, 2007 and January through April, 2008 as alleged in the Amended Complaint.

10. Denies that Defendants engaged in discriminatory conduct by terminating the Plaintiff for the periods between January through April, 2007 and January through April, 2008 as alleged in the Amended Complaint.

11. Denies that Defendants engaged in discriminatory conduct by failing to promote the Plaintiff for the periods between January through April, 2007 and January through April, 2008 as alleged in the Amended Complaint.

12. Denies that Defendants engaged in discriminatory conduct by subjecting the Plaintiff to unequal terms and conditions of employment for the periods between January through April, 2007 and January through April, 2008 as alleged in the Amended Complaint.

13. Denies that Defendants were involved in schemes that denied the Plaintiff stable employment for the periods between January through April, 2007 and January through April, 2008 as alleged in the Amended Complaint.

14. Denies that Defendants refused to hire Plaintiff or refer Plaintiff to jobsites for the periods between January through April, 2007 and January through April, 2008 as alleged in the Amended Complaint.

15. Denies that Defendants engaged in discriminatory conduct by retaliating against the Plaintiff at any time for the periods between January through April, 2007 and January through April, 2008 as alleged in the Amended Complaint.

16. Denies that Defendants discriminated against Plaintiff on the basis of race for the periods between January through April, 2007 and January through April, 2008 as alleged in the Amended Complaint.

17. Denies that Defendants discriminated against Plaintiff on the basis of gender for the periods between January through April, 2007 and January through April, 2008 as alleged in the Amended Complaint.

18. Denies that Defendants engaged in any sexual harassment toward the Plaintiff for the periods between January through April, 2007 and January through April, 2008 as alleged in the Amended Complaint.

19. Denies that Defendants engaged in discriminatory conduct toward the Plaintiff on the basis of the Plaintiff's national origin.

20. Denies Defendants overlooked Plaintiff for job placement for discriminatory reasons.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. Upon information and belief, the Plaintiff has failed to exhaust the administrative remedies required by the act and are unaware of any E.E.O.C. charge filed by the Plaintiff concerning allegations of discrimination for the period January 1, 2008 through April, 2008.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. Plaintiff failed to file the Complaint with this Court within ninety (90) days following receipt from the Equal Employment Opportunity Commission ("EEOC") right to sue notice as required by 42 U.S.C. § 2000 e-5(b)(c). Furthermore, two hundred and twenty-eight days (282) elapsed from the date the EEOC right to sue notice was issued on July 13, 2007 and the filing of this action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. The Amended Complaint alleges illegal conduct that was not alleged in the charge filed with the E.E.O.C. and the allegations reasonably could not be expected to flow from any investigation by the E.E.O.C. For this reason, the Plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. §2000 e-5(b) and (c).

A. Plaintiff's claim for discrimination on the basis of race is barred because the allegation was not alleged in Plaintiff's May, 2007 E.E.O.C. charge, on which the current amended complaint is based thus Plaintiff failed to exhaust administrative remedies.

B. Plaintiff's claim for discrimination on the basis of national origin is barred because the allegation was not alleged in Plaintiff's May, 2007 E.E.O.C. charge, on which the current amended complaint is based thus Plaintiff failed to exhaust administrative remedies.

   C. Plaintiff's claims for discrimination for the period January through April 2008 are barred because the Plaintiff failed to exhaust administrative remedies required by the act.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24. Plaintiff's suit is barred by laches. The length of time between the alleged unlawful employment practices and the filing of the Complaint was unreasonable.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. Plaintiff's claim for discrimination on the basis of race is without merit because Plaintiff fails to allege that she is within a protected class.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26. Plaintiff's claim for discrimination on the basis of national origin is without merit because Plaintiff fails to allege that she is within a protected class.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27. Plaintiff's claim for discrimination on the basis of gender is without merit because Plaintiff fails to allege that she is within a protected class.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28. Plaintiff's potential damages are limited because Plaintiff failed to mitigate the damages by taking reasonable measures to locate comparable substitute employment.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

29. Plaintiff's claim for discrimination fails because Plaintiff was not ready, willing and able to work.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

30.     Plaintiff's claim for discrimination fails because Plaintiff refused employment and/or voluntarily refused to work.

**WHEREFORE,** the answering Defendants respectfully requests that this Honorable Court dismiss the Amended Complaint in its entirety and grant Judgment in favor of the answering Defendants and against the Plaintiff, and for such other and further relief as to this Court deems just, proper and equitable.

Dated:   Garden City, New York
         May 9, 2008

                              COLLERAN, O'HARA & MILLS L.L.P.

                              By: _____
                                  JOHN S. GROARKE (JG-9031)
                                  Attorneys for Defendants
                                  IRON WORKERS LOCAL UNION NO. 40,
                                  KEVIN O'ROURKE and DANNY DOYLE
                                  1225 Franklin Avenue, Suite 450
                                  Garden City, New York 11530
                                  (516) 248-5757
                                  jsg@cohmlaw.com

TO:   COLE FOWLKES, Pro Se
      376 Forest Street
      Kearny, N.J. 07032
      (201) 772-7831